**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THOMAS D. BENSON, | ) |
| on behalf of plaintiff and the | ) |
| class members described below, | ) |
| and PEOPLE OF THE STATE OF | ) |
| ILLINOIS EX REL THOMAS D. | ) |
| BENSON, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| ZENCO COLLECTIONS LLC; | ) |
| DE VILLE ASSET MANAGEMENT | ) |
| LIMITED PARTNERSHIP; | ) |
| and VIP CAPITAL CORPORATION, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.     Plaintiffs Thomas D. Benson and People of the State of Illinois ex rel. Thomas D.

Benson bring this action to secure redress from unlawful  credit and collection practices engaged

in by defendants Zenco Collections LLC ("Zenco"), De Ville Asset Management Limited

Partnership  ("DAM"), and VIP Capital Corporation ("VIP").

2.     Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 et seq. ("FDCPA"), and the Illinois Collection Agency Act,  225 ILCS 425/1 et seq.

("ICAA").

3.     The FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain

information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

4.     In enacting the FDCPA, Congress found that "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

1

debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

5.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

6.     The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

7.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq.*

8.     The ICAA reflects a determination that "The  practice as a collection agency by any entity in the State of Illinois is hereby declared to affect the public health, safety and welfare and to be subject to regulation and control in the public interest. It is further declared to be a matter of public interest and concern that the collection agency profession merit and receive the confidence of the public and that only qualified entities be permitted to practice as a collection agency in the State of Illinois. This Act shall be liberally construed to carry out these objects and purposes. . . . It is further declared to be the public policy of this State to protect consumers against debt collection abuse."  225 ILCS 425/1a.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

10.     Venue and personal jurisdiction in this District are proper because:

   a.     Defendants' collection communications were received by plaintiff within this District;

   b.     Defendants do or transact business within this District.

2

## PARTIES

11.     Plaintiff is a resident of the Northern District of Illinois.

12.     Defendant Zenco is a limited liability company organized under Texas law with principal offices at 903 Bowser Road, Suite 250, Richardson, TX 75081. Its registered agent is Stephen G. McFayden at that address. McFayden is also an officer.

13.     Defendant Zenco operates a collection agency.

14.     Defendant Zenco has a web site (http://www.zencocollects.com/) which states "Welcome to Zenco Collects – Leading the Industry in Asset Resolution! [¶]  With over 75 years of experience in Nationwide Collection Services, Zenco is a Premier Collection Agency dedicated to improving the financial performance of our clients. Our staff and team of experienced employees are committed to finding innovative ways to maximize recovery resolution. . . . Our outstanding collection services specialists use all the latest technology and tools available in the market today to locate and liquidate collection issues in the most efficient and expeditious manner possible."

15.     Defendant Zenco has never had a collection agency license from the state of Illinois.  (See printout from Illinois Department of Financial and Professional Regulation, Exhibit A)

16.     Texas does not license collection agencies.

17.     Defendant Zenco uses the mails and interstate wire communications to collect consumer debts allegedly owed to others.

18.     Defendant Zenco is a debt collector as defined by the FDCPA.

19.     Defendant DAM is a limited partnership entity chartered under the law of Texas with principal offices at 1132 Glade Rd., Colleyville, TX 76034 and a registered agent of Jay B. Ledford, P.C. at 2801 Paramount Blvd., Amarillo TX 79109.

20.     Defendant DAM has never had a collection agency license from the state of Illinois.  (See printout from Illinois Department of Financial and Professional Regulation,

Exhibit B) On information and belief, DAM does have licenses from Alaska and Maine, and thus is aware of the fact that some states license collection agencies.

21.     Defendant DAM has a web site (http://devilleltd.com/) which states: "DeVille Asset Management specializes in the acquisition of defaulted account receivable portfolios from consumer credit originators such as major banks, retailers, credit unions, utility providers, and municipalities.  [¶]  DeVille generates revenues primarily through the purchase, collection and sale of performing and non-performing consumer receivables that have typically been delinquent 90 days by the credit grantors or not considered to be prime receivables. These receivables include MasterCard, Visa and other credit card accounts issued by banks."

22.     Defendant DAM uses the mails and interstate wire communications to collect consumer debts allegedly owed to others.

23.     Defendant DAM is a debt collector as defined by the FDCPA.

24.     Defendant VIP is a corporation chartered under Texas law with principal offices at 1132 Glade Rd., Colleyville, TX 76034 and a registered agent of Jay B. Ledford, P.C. at 2801 Paramount Blvd., Amarillo TX 79109. VIP is the general partner of DAM.  As such, the acts of DAM are imputed to VIP.

## FACTS

25.     Defendants have been attempting to collect from plaintiff an old credit card debt.

26.     The last payment on such debt was more than five years ago.

27.      Plaintiff is unaware whether defendants actually have an interest in any such debt.

28.     During April 2017, plaintiff received two telephone calls from Zenco threatening "legal enforcement" of a Chase credit card allegedly obtained from Riverwalk Financial and offering a settlement of such debt.

29.     Since neither DAM nor Zenco was licensed to collect debts by the State of Illinois, the threat of legal enforcement could not be lawfully carried out.

30. On April 25, 2017, DAM sent plaintiff the letter attached as Exhibit C.

31. On April 25, 2017, Zenco sent plaintiff the letter attached as Exhibit D.

32. Both Exhibit C and Exhibit D relate to the same alleged debt.

33. Exhibit C and Exhibit D give different amounts for the same alleged debt on the same date.

34. Neither Exhibit C nor Exhibit D contained the "notice of debt" described in 15 U.S.C. §1692g.

35. On information and belief, Exhibit C was the only written communication DAM sent plaintiff.

36. On information and belief, Exhibit D was the only written communication Zenco sent plaintiff.

37. Neither Exhibit C nor Exhibit D disclosed that the alleged debt was barred by the statute of limitations, or that any payment on such debt would revive the statute of limitations.

38. Exhibit C is signed by a "litigation manager," implying that litigation was possible on the alleged account.

39. Exhibit D offers a settlement of the alleged account.

40. The practices engaged in by Zenco and DAM with respect to plaintiff reflect the standard practices of Zenco and DAM.

## COUNT I – FDCPA – TIME BARRED DEBTS

41. Plaintiff Thomas D. Benson incorporates paragraphs 1-40.

42. Defendants violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), by referring to litigation and "legal enforcement" and offering settlement of time-barred debts without disclosure of the fact that they were time-barred and that any payment could revive the statute of limitations. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010 (7th Cir. 2014); *Pantoja v. Portfolio Recovery Associates, LLC*, 852 F.3d 679, 683 (7th Cir. 2017); *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 511 (5th Cir. 2016).

5

43.     DAM was previously sued for this violation in *Sanchez v. Dynamic Recovery and De Ville Asset Management,* Case 2:16-cv-00036-CCC-SCM (D.N.J.) (Exhibit E).  DAM knew of this action by February 2016.  It elected to continue the same violation.

44.     Section 1692e provides:

> **§ 1692e.     False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2)     The false representation of--**
>
> **(A)     the character, amount, or legal status of any debt; . . .**
>
> **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

45.     Plaintiff brings this claim on behalf of 2 classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

46.     The Zenco class consists of (a) all individuals with Illinois addresses (b) from whom Zenco sought to collect a credit card debt (c) on which the last payment was made more than 5 years prior to the collection attempt (d) where Zenco referred to settlement or litigation or enforcement (e)  where any such communication occurred on or after a date one year prior to the filing of this action.

47.     The DAM class consists of (a) all individuals with Illinois addresses (b) from whom an attempt was made to collect a credit card debt (c) by or on behalf of DAM (d) where the  last payment on the credit card was made more than 5 years prior to the collection attempt (e) where any reference was made to settlement or litigation or enforcement (f) where any such

communication occurred on or after a date one year prior to the filing of this action.

48.     Each class is so numerous that joinder of all members is not practicable.  On information and belief, there are at least 40 class members.

49.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether defendants engage in a practice of attempting to collect time-barred debts in a misleading manner.

50.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

51.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

52.     A class action is superior for the fair and efficient adjudication of this matter, in that:

    a.     Individual actions are not economically feasible;

    b.     Members of the class are likely to be unaware of their rights;

    c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

    i.     Statutory damages;

    ii.     Actual damages including all amounts collected by defendant from members of the class;

    iii.     Attorney's fees, litigation expenses and costs of suit;

    iv.     Such other and further relief as the Court deems proper.

### COUNT II – FDCPA – NOTICE OF DEBT

53.     Plaintiff Thomas D. Benson incorporates paragraphs 1-40.

7

54.     Defendants violated 15 U.S.C. §§1692e and 1692g by omitting to provide the "notice of debt" required by 15 U.S.C. §1692g.

55.     Section 1692g provides:

**§ 1692g.  Validation of debts**

**(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of**

8

**a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

## CLASS ALLEGATIONS

56.    Plaintiff brings this claim on behalf of 2 classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

57.    The Zenco class consists of (a) all individuals (b) to whom Zenco sent a letter (c) to collect a debt (d) without providing the "notice of debt" described in 15 U.S.C. §1692g (e) no later than 5 days after the sending of the letter (f) where the letter was sent on or after a date one year prior to the filing of this action.

58.    The DAM class consists of (a) all individuals (b) to whom a letter was sent (c) by or on behalf of DAM (d) to collect a debt (e) without providing the "notice of debt" described in 15 U.S.C. §1692g (f) no later than 5 days after the sending of the letter (g) where the letter was sent on or after a date one year prior to the filing of this action.

59.    On information and belief, each class is so numerous that joinder of all members is not practicable.   On information and belief, there are at least 40 class members.

60.    There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.  The predominant common question is whether defendants engage in a practice of attempting to collect debts without providing the "notice of debt" required by 15 U.S.C. §1692g.

61.    Plaintiff's claim is typical of the claims of the class members.  All are based on

9

the same factual and legal theories.

62.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has

retained counsel experienced in class actions and FDCPA litigation.

63.     A class action is superior for the fair and efficient adjudication of this matter, in

that:

       a.     Individual actions are not economically feasible;

       b.     Members of the class are likely to be unaware of their rights;

       c.     Congress intended class actions to be the principal enforcement

           mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and

against defendants for:

       i.     Statutory damages;

       ii.     Attorney's fees, litigation expenses and costs of suit;

       iii.     Such other and further relief as the Court deems proper.

### COUNT III  – ILLINOIS COLLECTION AGENCY ACT

64.     Plaintiff People of the State of Illinois ex rel. Thomas D. Benson incorporates

paragraphs 1-40.

65.     Defendants Zenco and DAM are each a "collection agency" as defined in the

Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

66.     Each defendant violated 225 ILCS 425/4 by collecting without a license.

67.     Section 425/4 provides:

**Sec. 4.  No collection agency shall operate in this State, directly or indirectly
engage in the business of collecting, solicit claims for others, have a sales
office, a client, or solicit a client in this State, exercise the right to collect, or
receive payment for another of any account, bill or other indebtedness,
without registering under this Act except that no collection agency shall be
required to be licensed or maintain an established business address in this
State if the agency's activities in this State are limited to collecting debts
from debtors located in this State by means of interstate communication,
including telephone, mail, or facsimile transmission from the agency's
location in another state provided they are licensed in that state and these**

10

same privileges are permitted in that licensed state to agencies licensed in Illinois.

68.   225 ILCS 425/14a provides:

   **Sec. 14a.  The practice as a collection agency by any entity not holding a valid and current license under this Act is declared to be inimical to the public welfare, to constitute a public nuisance, and to cause irreparable harm to the public welfare. The Director, the Attorney General, the State's Attorney of any county in the State, or any person may maintain an action in the name of the People of the State of Illinois, and may apply for injunctive relief in any circuit court to enjoin such entity from engaging in such practice. Upon the filing of a verified petition in such court, the court, if satisfied by affidavit or otherwise that such entity has been engaged in such practice without a valid and current license, may enter a temporary restraining order without notice or bond, enjoining the defendant from such further practice. Only the showing of nonlicensure, by affidavit or otherwise, is necessary in order for a temporary injunction to issue. A copy of the verified complaint shall be served upon the defendant and the proceedings shall thereafter be conducted as in other civil cases except as modified by this Section. If it is established that the defendant has been or is engaged in such unlawful practice, the court may enter an order or judgment perpetually enjoining the defendant from further practice. In all proceedings hereunder, the court, in its discretion, may apportion the costs among the parties interested in the action, including cost of filing the complaint, service of process, witness fees and expenses, court reporter charges and reasonable attorneys' fees. In case of violation of any injunctive order entered under the provisions of this Section, the court may summarily try and punish the offender for contempt of court. Such injunction proceedings shall be in addition to, and not in lieu of, all penalties and other remedies provided in this Act.**

WHEREFORE, plaintiff requests that the Court grant the following relief in favor of plaintiff  and against defendants:

   i.   An injunction restraining defendants from attempting to collect debts from Illinois residents, by any means;

   ii.   Attorney's fees, litigation expenses and costs of suit;

   iii.   Such other of further relief as the Court deems proper.

## COUNT IV – FDCPA – FALSE THREATS

69.   Plaintiff Thomas D. Benson incorporates paragraphs 1-40.

70.   Defendants violated 15 U.S.C. §§1692e and 1692e(10) by referring to legal

enforcement and litigation and offering settlements to residents of Illinois when defendants were prohibited from undertaking legal action against residents of Illinois because they were not licensed in Illinois.

## CLASS ALLEGATIONS

71.     Plaintiff brings this claim on behalf of 2 classes, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

72.     The Zenco class consists of (a) all individuals with Illinois addresses (b) from whom Zenco sought to collect a debt (c) where Zenco referred to settlement or litigation or enforcement (d) where any such communication occurred on or after a date one year prior to the filing of this action.

73.     The DAM class consists of (a) all individuals with Illinois addresses (b) from whom an attempt was made to collect a debt (c) by or on behalf of DAM (d) where any reference was made to settlement or litigation or enforcement (e) where any such communication occurred on or after a date one year prior to the filing of this action.

74.     On information and belief, each class is so numerous that joinder of all members is not practicable.  On information and belief, there are at least 40 class members.

75.     There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendants engage in a practice of attempting to collect debts through statements that were false and misleading because defendants did not have the necessary licensure to carry out such statements.

76.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

77.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

78.     A class action is superior for the fair and efficient adjudication of this matter, in that:

a.      Individual actions are not economically feasible;

b.      Members of the class are likely to be unaware of their rights;

c.      Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendants for:

i.      Statutory damages;

ii.     Actual damages, including all amounts collected from residents of Illinois;

iii.    Attorney's fees, litigation expenses and costs of suit;

iv.     Such other and further relief as the Court deems proper.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Michelle A. Alyea
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


<u>s/ Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\34005\Pleading\Complaint_Pleading.WPD

14