**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| THOMAS D. BENSON,<br>on behalf of plaintiff and a class, and<br>PEOPLE OF THE STATE OF ILLINOIS<br>EX REL THOMAS D. BENSON<br><br>Plaintiffs,<br><br>vs.<br><br>ZENCO COLLECTIONS, LLC;<br>DE VILLE ASSET MANAGEMENT<br>LIMITED PARTNERSHIP;<br>and VIP CAPITAL CORPORATION<br><br>Defendants. | ) | Case No.: 17-cv-5220<br><br>Judge Der-Yeghiayan |

**PLAINTIFF THOMAS BENSON'S MOTION TO**
**COMPEL CLASS-RELATED DISCOVERY**

Plaintiff, Thomas D. Benson, by and through his undersigned counsel, hereby moves this Court pursuant to Fed. R. Civ. P. 37 for an Order Compelling Discovery from Defendants, DeVille Asset Management and VIP Capital Corporation. In support of his Motion, Plaintiff respectfully states the following:

1. On July 14, 2017, Plaintiff filed a Class Action Complaint against Defendants Zenco Collections LLC, De Ville Asset Management LP, and VIP Capital Corporation seeking to secure redress from unlawful credit and collection practices engaged in by the Defendants.

2. Plaintiffs allege defendants (1) sent a collection letter to Plaintiff without disclosing the alleged debt was barred by the statute of limitations, or that any payment on such debt could revive the statute of limitations, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10) ("FDCPA"); (2) failed to provide the "notice of debt" described in 15 U.S.C. § 1692g of the FDCPA; (3) violated the Illinois Collection Agency

Act, 225 ILCS 425/4 ("ICAA"), by purporting to collect alleged debts in the State of Illinois without a license; and (4) referred to legal enforcement and litigation in offering settlements to residents of Illinois when defendants were prohibited from undertaking legal action against residents of Illinois because they were not licensed in Illinois, in violation of 15 U.S.C. §§ 1692e and 1692e(10) of the FDCPA.

3. On September 20, 2017, Plaintiffs propounded their First Limited Discovery Requests to De Ville Asset Management and VIP Capital Corporation, which included Interrogatories, Requests for Admission, and Requests for Production of Documents related solely to the class-related issues presented in this matter.

4. On October 18, 2017, defendants served their responses to Plaintiffs' Requests for Admission. On October 31, 2017, defendants served their responses to Plaintiffs' Interrogatories and Requests for Production.

5. After reviewing these responses, on November 16, 2017 Plaintiffs' counsel sent an email to counsel for defendants in the form of a Rule 37 letter, which noted several deficiencies with defendants' responses to Plaintiffs' first set of discovery requests, specifically related to the disclosure of class size, defendants' net worth, and relevant insurance policies.

## I. Protective Order

6. Several of defendants' discovery responses noted that defendants were only willing to provide responsive answers related to class size and defendants' net worth with the benefit of a protective order.

7. On November 16, 2017, in an attempt to resolve the discovery dispute, Plaintiff's counsel provided counsel for defendants a draft protective order which is substantially the same as this Court's suggested model.

8. In order to give time to have the order entered and resolve the class-related discovery issues presented herein, the parties agreed to ask the Court for a brief extension for class discovery. The Court granted that extension on November 29, 2017. [Dkt. # 30].

9. The Court entered the proposed protective order in this case on December 7, 2017. [Dkt. # 33].

10. On December 7, 2017, the same day the Court entered the protective order, counsel for Plaintiff asked counsel for defendants via email if they could now provide the previously withheld information related to class size and defendants' net worth. Plaintiff's counsel also offered to set up a teleconference to discuss these issues. Plaintiff's counsel did not receive a response.

11. Counsel for Plaintiff again followed up with defendants' counsel on December 13, 2017 in attempt to arrange a phone call to discuss the same class-related discovery issues, with no response.

12. Counsel for Plaintiff sent another email on December 29, 2017 in an attempt to resolve the discovery issues presented herein, indicating counsel would file a motion to compel responsive discovery if class size and net worth information was not received by January 3, 2018, again with no response from defense counsel.

13. In a final attempt to resolve these issues, on January 2, 2018, counsel for Plaintiff spoke with counsel for defendants who indicated his clients would provide the requested information at the latest by January 5, 2018. To date, defense counsel has not provided the requested discovery.

14. Considering defense counsel's unwillingness to cooperate in discovery and the fast approaching class-discovery deadline, counsel for Plaintiff asks the Court to compel disclosure of

information related to the size of the class defined in the Plaintiff's complaint and documents pertaining to defendants' net worth.

## II. Information directly relevant to issue of class certification

15. Defendants also argue in several of their responses to Plaintiff's discovery requests that questions related to class size and net worth are "premature as a class action has not been certified in this litigation."

16. In Plaintiff counsel's November 16, 2017 Rule 37 letter, Plaintiff's counsel presented counsel for defendants with case law supporting the notion that there is nothing premature about requests for class size and net worth information.

### a. Class Size

17. It is well established that information concerning the class size and all of the elements of Fed. R. Civ. P. 23 are discoverable, even prior to class certification. Fed. R. Civ. P. 23 states that one of the prerequisites to certify a class action is that "the class is so numerous that joinder of all members is impracticable."

18. In order to support allegations to that effect, discovery is uniformly allowed to facilitate resolution of class certification motions. *Gray v. First Winthrop Corp.*, 133 F.R.D. 39 (C.D. Cal. 1990) (An "order staying discovery pending class certification would be unworkable, since plaintiffs must be able to develop facts in support of their class certification motion"); *Zahorik v. Cornell University*, 98 F.R.D. 27 (N.D. N.Y. 1983) (discovery is often necessary before plaintiffs can satisfy the requirements of Fed. R. Civ. P. 23(a)); *Walker v. World Tire Corp., Inc.*, 563 F.2d 918, 921 (8th Cir. 1977) (the propriety of class action status can seldom be determined on the basis of pleadings alone, and parties must be offered the opportunity to discover evidence on the issue.); *McCray v. Standard Oil Co.*, 76 F.R.D. 490, 500 (N.D. Ill. 1976).

**b. Defendants' Net Worth**

19. Additionally, courts have routinely held that net worth information in an FDCPA case should be disclosed in advance of a decision on class certification. *Hill v. Asset Acceptance, LLC*, 2014 WL 3014945, *13 n. 9 (S.D. Cal. July 3, 2014) (citing *Bode v. Encore Receivable Management, Inc.*, 2006 WL 801017, *1–2 (E.D. Wis. March 29, 2006)); *Mailloux v. Arrow Financial Services, LLC.*, 2002 WL 246771, *1 (E.D. N.Y. Feb.21, 2002); *Trevino v. ACB American, Inc.*, 232 F.R.D. 612, 617 (N.D.2006); *Ramirez v. Palisades Collection, LLC*, 2008 WL 7506560, *1 (N.D. Ill. Jan.7, 2008) ("Information concerning a defendant's net worth is useful in determining whether class certification is appropriate in an FDCPA action"); *Green v. Monarch Recovery Mgmt., Inc.*, 2014 WL 657807, *2 (S.D. Ind. Feb.18, 2014).

20. "Where, however, the pleadings themselves do not conclusively show whether the Rule 23 requirements are met, the parties must be afforded the opportunity to discover and present documentary evidence on the issue." *Int. Woodworkers of America vs. Georgia-Pacific Corp.,* 568 F.2d 64 (8th Cir. 1977) (quoting *Walker v. World Tire Corp.*, 563 F.2d 918, 921 (8th Cir., 1977)).

21. The Court has specifically limited the discovery in this matter to class-related discovery. [Dkt. # 21]. As such, any discovery requests which seek to elicit information regarding class size or defendants' net worth are certainly discoverable at this stage of litigation.

## III. Insurance Policies

22. Finally, in response to Plaintiff's discovery requests seeking insurance policies, defendants state that the "DeVille Defendants have not identified any documents responsive to this request" and they "believe they do not carry any applicable insurance."

23. The relevant request to produce tracks the language for Fed. R. Civ. P. 26(a)(1)(A)(iv) in that the request asks defendants to disclose "any insurance agreement under

which an insurance business **may be liable** to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." (emphasis added).

24. The Advisory Committee Notes to Rule 26 state that the Rule "resolves the issue in favor of disclosure" because "[d]isclosure of insurance coverage will enable counsel for both sides to make the same realistic appraisal of the case, so that settlement and litigation strategy are based on knowledge and not speculation." Fed. R. Civ. P. 26(a)(1)(A)(iv) Advisory Committee's Note (1970 Amendment). As such, it is not up to the judgment of the defendant to determine which policies may be implicated. *Gov't Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, No. CIV.A. 10-2558-KHV-D, 2012 WL 3292850, at *2 (D. Kan. Aug. 13, 2012) ("Plaintiffs are entitled to review Defendants' insurance agreements in order to make their own determination regarding Defendants' coverage.").

25. Accordingly, it is Plaintiff's position that defendants should be required to disclose any such insurance policies.

26. Pursuant to Local Rule 37.2, Plaintiff counsel's attempts to engage in such consultation regarding the issues outlined above were unsuccessful due to no fault of counsel's.

**WHEREFORE,** Plaintiff respectfully requests an order compelling discovery including: (1) information related to the size of the class defined in the Plaintiff's complaint; (2) information pertaining to defendants' net worth; and (3) disclosure of defendants' insurance policies.

Respectfully submitted,

s/Corey J. Varma
Corey J. Varma

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## CERTIFICATE OF SERVICE

I, Corey J. Varma, hereby certify that on January 8, 2018, a true and accurate copy of the foregoing document was filed via the Court's CM/ECF system, which sent notice to all parties of record.

s/Corey J. Varma
Corey J. Varma

Daniel A. Edelman
Cassandra P. Miller
Corey J. Varma
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark St, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)