IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS D. BENSON,<br>On behalf of the plaintiff and the<br>class members described below,<br>and PEOPLE OF THE STARE OF<br>ILLINOIS EX REL THOMAS D.<br>BENSON<br><br>      Plaintiff,<br><br>v.<br><br>ZENCO COLLECTIONS LLC:<br>DE VILLE ASSET MANAGEMENT<br>LIMITED PARTNERSHIP;<br>and VIP CAPITAL CORPORATION,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 17-cv-05220<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL
CLASS-RELATED DISCOVERY

 Defendants, DeVille Asset Management and VIP Capital Corporation, by counsel, respond to Plaintiff's Motion to Compel Class-Related Discovery as follows:

 1. This action alleges violations of the Fair Debt Collection Practices Act and the Illinois Collection Agency Act.

 2. Plaintiff's Motion to Compel seeks supplemental discovery regarding three issues: class size, net worth, and the existence of insurance policies.

 3. Two of these issues can be resolved simply. Defendants have answered interrogatories and production requests regarding both class size and insurance policies. (See Defendants' Responses to Plaintiff's Requests for Admission, Answers to Interrogatories, and Responses to Requests to Produce, attached hereto as Exhibit "A.")  Regarding net worth,

1

Defendants have provided sufficient information to meet Plaintiff's needs at this pre-certification stage of this matter. The Court should deny Plaintiff's Motion to Compel in its entirety.

## Class Size

4. Plaintiff's Interrogatory Nos. 4-9 ask whether Defendants can search for debtors with certain specified characteristics, such as when the collection communication occurred or whether the communication referred to settlement, litigation or enforcement. Defendants answered based on their diligent search that they do have such search capability, but do not believe that they attempted to collect debt from any debtors who met all of the various criteria. (See Exhibit "A," at 8-10.)

5. When asked to produce the computer files for the debtors who met these various criteria in Plaintiff's Request Nos. 8- 10, Defendants responded that they do not believe they collected debt from any debtors who met all of the various criteria. (See Exhibit "A," at 17-18.)

6. When asked to admit in a series of requests to admit whether it collected from more than a certain number of debtors who met Plaintiff's criteria, Defendants denied each request in the series. (See Exhibit "A," at 4.)

7. Plaintiff is entitled to discover information related to class size, but has not specified which interrogatories and production requests are incomplete. Defendants have answered this discovery, believe that no class exists based on Plaintiff's criteria, and find no further discovery for the Court to compel.

## Insurance

8. Similarly, Defendants have answered interrogatories and production requests regarding insurance. In response to Interrogatory No. 14, for example, Defendants answered that they "have not identified any applicable insurance coverage." (See Exhibit "A," at 12.)

9. When asked to produce any applicable insurance policies, Defendants respond that they are "not aware of any such policy." (See Exhibit "A," at 18.)

10. As with class size, Plaintiff's motion does not propose what the Court might compel to discover this issue further. Defendants have answered the question of their insurance coverage.

### Net Worth

11. Plaintiff is not entitled to the full accounting of Defendants' net worth prior to class certification and cites authority to establish this point. In Hill v. Asset Acceptance, LLC, the district court found that it was sufficient for the defendant to certified that 1% of its net worth exceeded the maximum recovery allowed for the putative class such that the statutory maximum would be imposed if the court found the defendant liable. 2014 WL 3014945, *12-13 (S.D. Cal. July 3, 2014). The district court found no reason to burden the defendant with this calculation in pre-certification discovery, but required the defendant to supplement if the class were certified. Id. at *2.

12. Defendants agree with Plaintiff's motion that information concerning the defendant's net worth is "useful." Ramirez v. Palisades Collection, LLC, 2008 WL 7506560, *1 (N.D. Ill. Jan. 7, 2008).

13. Plaintiff has this information, however. Defendants responded to requests to admit to establish that their respective net worth does not exceed $500,000. (See Exhibit "A," at 5-6.)

14. Consequently, for the purposes of pre-certification discovery, Plaintiff knows that any class recovery will be no more than 1% of $499,999 for each Defendant. 15 U.S.C. § 1692k(a)(2)(B). Plaintiff does not demonstrate why he must know, for example, whether the

maximum statutory recovery for a class against DeVille Asset Management will be $4,999 or $1,000 if he certifies a class and proves liability.

15. Defendants request, then, that the Court follow the Hill framework to accept this disclosure of net worth in pre-certification and discovery and if the motion is granted in part, only require the more detailed accounting of Defendants' net worth if Plaintiff succeeds in certifying a class.

WHEREFORE, Defendants, DeVille Asset Management and VIP Capital Corporation, by counsel, respectfully request that the Court deny Plaintiff's Motion to Compel and award all other just and proper relief in the premises.

Respectfully Submitted,

/s/ Kevin Rasp
Counsel for Defendants

Kevin C. Rasp, Esq. (ARDC No. 6297481)
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
Phone: 312-422-6100
Fax: 312-422-6110
krasp@ohaganmeyer.com

CERTIFICATE OF SERVICE

      This is to certify that on this 23rd day of January 2018 I electronically filed Defendants' Response to Plaintiff's Motion to Compel Class-Related Discovery with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Attorneys For Plaintiff

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin LLC
20 South Clark Street
Suite 1500
Chicago, IL 60603
(312) 739-4200
Email: courtecl@edcombs.com

Cassandra P. Miller
Edelman, Combs, Latturner & Goodwin LLC
20 South Clark Street
Suite 1500
Chicago, IL 60603
(312) 739-4200
Email: cmiller@edcombs.com

Cathleen M. Combs
Edelman, Combs, Latturner & Goodwin LLC
20 South Clark Street
Suite 1500
Chicago, IL 60603
(312) 739-4200
Email: ccombs@edcombs.com

James O. Latturner
Edelman, Combs, Latturner & Goodwin LLC
20 South Clark Street
Suite 1500
Chicago, IL 60603
(312) 739-4200
Email: jlatturner@edcombs.com

Michelle A. Alyea
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St.
Suite 1500
Chicago, IL 60603
(312) 739-4200
Email: malyea@edcombs.com

                /s/    Kevin Rasp
Counsel for Defendants
Kevin C. Rasp, Esq. (ARDC No. 6297481)
O'Hagan Meyer LLC
One East Wacker Drive, Suite 3400
Chicago, Illinois 60601
Phone: 312-422-6100
Fax: 312-422-6110
krasp@ohaganmeyer.com

5